UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VERONICA B. PATTERSON,

                    **Plaintiff,**

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                  **Defendant.**
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2021

20-CV-4591 (SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge:**

        On June 15, 2020, Plaintiff Veronica B. Patterson ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's decision that she was not entitled to social security benefits. After discussion between the parties led to an agreement to remand, the Clerk of Court entered judgment and remanded the case to the Commissioner. Plaintiff now moves for attorney's fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. For the following reasons, Plaintiff's motion should be GRANTED in part and DENIED in part, and the Commissioner directed to pay $11,990.35 in attorney's fees and costs.

## BACKGROUND

        Plaintiff retained Charles E. Binder & Harry J. Binder Attorneys at Law, LLP ("Plaintiff's Counsel") in May 2020, to initiate a federal lawsuit to review the denial of social security benefits. See ECF No. 27, Ex. 2. On July 2, 2021, the Court entered the parties' stipulation and order of remand, returning the case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 23. That same day, the Clerk of Court entered judgment and remanded the case. ECF No. 24.

On July 30, 2021, Plaintiff filed a motion for attorneys' fees under the EAJA, requesting payment of fees relating to work done on both the substantive appeal before this Court and this fee motion. ECF No. 25. Plaintiff seeks $12,131.38 in fees and $400.00 in costs. ECF No. 30. The Commissioner opposes the motion, arguing that the amount Plaintiff has requested as excessive and should be reduced. ECF No. 29.

## DISCUSSION

**I.     Entitlement to EAJA Fees**

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In other words, "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. § 2412(d)(1)(A)).

Under the EAJA, the Court must consider whether: (1) the claimant is a "prevailing party"; (2) the government's position was "substantially justified"; (3) any "special circumstances [would] make an award unjust"; and (4) the fee application was submitted within thirty days of final judgment in the action. Kerin v. U.S. Postal Serv., 218 F.3d 185, 189 (2d Cir. 2000) (citing 28 U.S.C. § 2412(d)).

The Commissioner does not challenge Plaintiff's fee application on these four factors, and the Court has independently reviewed the facts in this case and determined that Plaintiff would ordinarily be entitled to an award of reasonable fees. Plaintiff is a prevailing party, and the

Commissioner does not contest that its position was not "substantially justified." See Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("[A] party who wins a sentence-four remand order is a prevailing party."); Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007) (explaining that the "Government bears the burden of showing that its position was 'substantially justified'"). In addition, there are no special circumstances that militate against an EAJA award, and Plaintiff's motion was timely filed. Accordingly, Plaintiff is entitled to fees under the EAJA.

## II.     Amount of Fees

The EAJA provides for reasonable fees and expenses: the "fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living" is justified. 28 U.S.C. § 2412(d)(2)(A); accord Healey, 485 F.3d at 68. "Cost of living adjustments may be made for inflation and calculated based upon the corresponding Consumer Price Index ('CPI') for each year in which services were performed." Santiago v. Comm'r of Soc. Sec., No. 19-cv-04001 (KPF) (KNF), 2020 WL 7335310, at *3 (S.D.N.Y. Dec. 14, 2020) (citing Kerin, 218 F.3d at 194). The reasonableness of a requested fee is determined based on the number of hours spent litigating the matter, multiplied by the hourly rate (subject to the statutory limit). Gisbrecht, 535 U.S. at 796; see Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "The party seeking an award of fees" bears the burden of establishing the reasonableness of the requested fees, making "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 433–34.

A district court has broad discretion in determining the reasonableness of an attorney's requested fees, though it "need not . . . scrutinize[] each action taken or the time spent on it." See Aston v. Sec'y of Health & Hum. Servs., 808 F.2d 9, 11 (2d Cir. 1986) (citation omitted). The time spent litigating a fee application is also compensable. See Black v. Nunwood, Inc., No. 13-cv-07207 (GHW), 2015 WL 1958917, at *7 (S.D.N.Y. April 30, 2015) (quoting Gagne v. Maher, 594 F.2d 336, 344 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980)).

Plaintiff asserts she is entitled to $12,131.38 in fees and $400.00 in costs. ECF No. 30. The fee is based on based on the 2.30 hours expended in 2020, calculated at a rate of $212.40 per hour, and 51.30 hours in 2021, calculated at a rate of $216.41 per hour, plus an additional 2.5 hours spent reading the Commissioner's opposition and drafting Plaintiff's reply in this attorney's fee matter.[1] See ECF No. 30 at 7–8[2]; see also ECF No. 27, Ex. 1.

The Commissioner argues that Plaintiff's fee award should be reduced because (1) the case was relatively straight-forward, (2) Plaintiff's counsel staffed the case with two attorneys who duplicated efforts, and (3) the number of hours expended is excessive. ECF No. 29 at 4.

The Court puts to the side Plaintiff's requested costs, in the amount of $400, which the Commissioner does not oppose.

The Court considers the Commissioner's first and third objections together. The legal issues implicated in this matter were not unusually complex. Despite the issues being relatively "straight forward," however, the more than 1,200-page administrative record in this case was larger than average. See, e.g., Santiago, 2020 WL 7335310, at *4 (considering a 1,113-page

---

[1] Plaintiff originally requested $11,599.58 in fees, based on a $216.41 hourly rate. ECF No. 27 at 4. The Commissioner objected and asserted that Plaintiff failed to calculate the fees based on the appropriate CPI-based rate of $212.40 for work done in 2020. ECF No. 29 at 4. In her reply, Plaintiff concedes this argument and has modified her requested fee amount accordingly, billing at a rate of $212.40 for the work completed in 2020 and $216.41 for the work completed in 2021. See ECF No. 30 at 8.

[2] The page numbers refer to the ECF-stamped page numbers at the top of the page.

record to be above average). Counsel made three distinct arguments regarding errors made by the ALJ and had to familiarize themselves with the record and procedural history of the case, which included two *pro se* appearances by Plaintiff before the ALJ and a remand back to the ALJ after the first appeal to the Appeals Council. See ECF No. 15 & Ex. 1; ECF No. 21. Although attorneys Daniel S. Jones and Patrick H. Busse have significant experience in this field, their experience "would not substantially reduce the time necessary to review the record and synthesize the information contained therein into a comprehensive statement of facts and arguments with citations to the record." Santiago, 2020 WL 7335310, at *4; see ECF No. 27 at ¶¶ 7, 9.

The Commissioner also objects to the number of hours Plaintiff's counsel has spent on this case—53.60, not including the time spent on the reply brief on fees. See ECF No. 29 at 5. The Commissioner contends that "twenty-to-forty hours reflects a reasonable expenditure of time in an average SSA case." Id. at 3; see, e.g., Forrest v. Colvin, No. 15-cv-01573 (KPF), 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016) (noting that "[c]ourts in this Circuit agree that 20 to 40 hours is a reasonable amount of time to spend on a routine Social Security case"). As recently explained by another court in this district, "[t]he suggested '20-40 hours' benchmark was based on the first set of cases decided under the EAJA," and "[t]hat district courts have ruled a certain way for decades, without more, is not sufficient to conclude that the hours expended by the plaintiff's counsel are excessive." Morales v. Comm'r of Soc. Sec., No. 10-cv-08773 (GBD) (KNF), 2021 WL 1736920, at *2 (S.D.N.Y. May 3, 2021)). Moreover, larger awards have been found reasonable when "the factual, substantive, and procedural complexity of the case"; "the size of the administrative record"; "and the efficacy of the attorney's efforts" are taken into consideration. Stewart v. Comm'r of Soc. Sec., No. 12-cv-03121 (AJN), 2014 WL 2998530, at

*3 (S.D.N.Y. July 2, 2014)) (internal citations omitted).

In light of the procedural complexity of the case and the size of the administrative record, as well as the efficacy of the attorneys' efforts, the Court concludes that 53.60 hours is not unreasonable. See Afriyie o/b/o D.K.B. v. Comm'r of Soc. Sec., No. 19-cv-04635 (JLC), 2021 WL 1178579, at *5 (S.D.N.Y. Mar. 30, 2021) (finding "57.7 hours for the attorney time in this Court, 3.5 hours on the fee application, and 9.8 hours on the reply papers" to be justified); Morales, 2021 WL 1736920, at *2 (finding 73.6 hours to be reasonable).

The Court next considers the Commissioner's contention that Plaintiff's counsel overstaffed the case. The Commissioner takes issue with Plaintiff's counsel deploying two experienced attorneys on the matter, with attorney Busse drafting the initial brief, then attorney Jones reviewing and editing the brief, and attorney Busse revising the brief following Jones's edits. See ECF No. 39 at 5; ECF No. 37, Ex. 1. The Commissioner cites to Padula v. Colvin, 602 F. App'x 25, 28 (2d Cir. 2015), wherein the Court of Appeals determined that "using two attorneys in a routine social security appeal led to a duplication of efforts," resulting in 81.8 hours of work, which was "over double the amount of hours courts within this circuit typically award for routine social security cases." (citing Parsons v. Comm'r of Soc. Sec., No. 07-cv-01053 (TJM), 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008)). In this case, however, the records indicate that the two attorneys working on Plaintiff's case did not work at the same time and had discrete tasks. Cf. Chambers v. Comm'r of Soc. Sec., No. 19-cv-02145 (RWL), 2021 WL 791327, at *3 (S.D.N.Y. Mar. 1, 2021) (finding that the work of five attorneys and five paralegals on one case involved some duplication and inefficiencies due to multiple attorneys reviewing portions of the record and because the original principal attorney departed the firm); Cutajar v. Comm'r of Soc. Sec., No. 19-cv-05569 (SDA), 2020 WL 2999232, at *3 (S.D.N.Y.

6

June 4, 2020) (finding duplication of effort when multiple attorneys reviewed the administrative record and participated in the writing of the brief). Here, there appear to be no duplicate tasks on Plaintiff's counsel's timekeeping records and the time attorney Jones spent reviewing and editing the brief was minimal. See Schwebel v. Crandall, No. 17-cv-08541 (CM), 2021 WL 2269523, at *6 (S.D.N.Y. June 3, 2021) (finding no duplication when an attorney spent "a very few hours" conducting legal research and doing edits on a brief written by the primary attorney on the case). Accordingly, the Court concludes that there was no duplication of efforts.

      Finally, Plaintiff asks the Court award EAJA fees for the additional 2.50 hours Plaintiff's Counsel spent reviewing the Commissioner's opposition brief and drafting the reply brief. See ECF No. 30 at 7. As already noted, the time spent litigating a fee motion can be recoverable under EAJA; however, Plaintiff's counsel merely asserts that the "additional hours were contemporaneously recorded on September 2, 2021 by counsel for Plaintiff and reasonably expended to provide this response." Id. at 7–8. Yet "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010) (quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983)). This requirement is a "hard-and-fast-rule" with only rare exceptions. Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011) (per curiam). Because Plaintiff has not provided any contemporaneous time records or supporting documentation to support her request for the additional time expended, the Court declines to award EAJA fees on those additional 2.5 hours.

## CONCLUSION

For the reasons stated above, Plaintiff shall be awarded $11,590.35 in attorney's fees and $400 in costs, for a total of $11,990.35. The Clerk of Court is respectfully requested to GRANT in part and DENY in part the motion at ECF No. 25.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 9, 2021
         New York, New York